UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE PLUMBERS and STEAMFITTERS
LOCAL 21 WELFARE FUND

                     Plaintiffs,                **COMPLAINT**

       -against-

MELANIE McINTYRE
                   Defendant.
-----------------------------------------------------------x

08 CIV. 5262

JUDGE ROBINSON

Plaintiff, Trustees of the Plumbers and Steamfitters Local 21 Welfare Fund by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for unjust enrichment for the failure to pay COBRA premiums.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents. The Funds are authorized to collect Welfare COBRA premiums on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of the Fund.

7. The Plaintiff's principal office is located and administered at 1024 McKinley Street, Peekskill, NY 10566, County of Westchester.

8. Upon information and belief, the Defendant, Melanie McIntyre, resides in Cortlandt Manor, NY, County of Westchester.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

9. Upon information and belief on or about February, 2006, the Defendant failed to make COBRA premium payments to the Plaintiff in the amount of $4,044.40.

10. On or about November 1, 2007, the Fund Office contacted the Defendant notifying her of the past due premium payments in the amount of $4,044.40 and requested payment of the premiums.

11. On or about February 13, 2008 and April 22, 2008, our offices sent a demand letter by regular and certified mail advising her of past due COBRA premiums and requesting return of the $4,044.40 to avoid litigation.

12. The Defendant has failed to pay the COBRA premiums and was provided medical coverage by the Plaintiff.

13. The Plaintiff is a multi-employer plan and the lack of these funds and unnecessary costs incurred has injured the participants of the benefit plan.

14. Under the circumstances, it would not be equitable for the defendant to retain the welfare benefits. The defendant would be unjustly enriched at the detriment of the Fund if the premiums were not paid.

15. Accordingly, the Defendant is liable to the Plaintiff in the amount of $4,044.40 plus interest.

## AS AND FOR A SECOND CLAIM FOR RELIEF

16. Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" of this Complaint as if fully set forth at length herein.

17. Section 29 USCA 1132 (g)(1) provides the court in its discretion may allow reasonable attorneys fees and costs of an action.

18. The Defendant knowingly failed to make COBRA premium payments.

19. The Plaintiff is a benefit fund and the costs incurred in recovering the benefits unjustly received should be recovered from the Defendant.

20. Accordingly, Defendant is liable to the Plaintiff for attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests Judgment against Defendant, MELANIE McINTYRE as follows:

    a. In the sum of $4,044.40

    b. Attorney fees and costs pursuant to Section 29 USCA 1132 (g(1))

    c. For such other and further relief as the court deems appropriate

Dated: Hempstead, New York
       June 4, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

By: _____
Danielle M. Carney (DMC 7471)
Attorneys for Plaintiffs
3 Surrey Lane
Hempstead, NY 11550
(516) 483-2990